

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00007-CR

RICKY LEE WYLY, II, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1927395

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Ricky Lee Wyly, II, pled no contest to family violence assault by impeding breath or circulation, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (Supp.). Wyly was sentenced to eighteen years' incarceration after he pled true to the State's enhancement allegation during a punishment trial to the bench. *See* TEX. PENAL CODE ANN. § 12.42(a). Wyly appeals.

Wyly's attorney has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 18, 2020, counsel mailed to Wyly copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Wyly's signature. Wyly was informed of his rights to review the record and file a pro se response. Wyly's motion for pro se access to the appellate record was granted by this Court and, on August 10, counsel provided Wyly a complete paper copy of the appellate record. By order dated August 11, this Court informed Wyly that any pro se response was due on or before September 25. On October 2, this

Court further informed Wyly that the case would be set for submission on the briefs on October 23. We received neither a pro se response from Wyly nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, nonreversible error is found in the inclusion of a $250.00 fine in the trial court's judgment and the bill of costs.

The trial court did not pronounce a fine during sentencing, but a $250.00 fine was included in the trial court's judgment and the clerk's bill of costs.[1] On its own motion, the trial court entered an "ORDER GRANTING NUNC PRO TUNC" modifying the fine to $0.00. Even so, the trial court did not enter a judgment nunc pro tunc to delete the fine, which is still listed in the clerk's bill of costs. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

---

[1]Because fines are punitive and intended to be a part of the defendant's sentence, they "generally must be orally pronounced in the defendant's presence." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). When there is a conflict between the oral pronouncement of sentence in open court and the written judgment, the oral pronouncement controls. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)).

3

We modify the trial court's judgment and the clerk's bill of costs by deleting the $250.00

fine. As modified, we affirm the trial court's judgment.[2]


Scott E. Stevens
Justice


Date Submitted:      October 23, 2020
Date Decided:        October 29, 2020

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.